# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,            )   Case No. 2:10-CR-382-JCM
                                     )
        Plaintiff,              )
                                     )
                                     )   **ORDER**
                                     )
WINSTON ALEXANDER AARONS,            )
                                     )
        Defendant.              )
                                     )

Presently before the court is the motion to vacate under 28 U.S.C. § 2255 by petitioner Winston Alexander Aarons. (Doc. # 48). The government filed a response in opposition (doc. # 52), and petitioner filed a reply (doc. # 54).

**I.      Background**

On July 21, 2010, a federal grand jury returned an indictment against petitioner alleging a violation of 8 U.S.C. § 1326 – Deported Alien Found Unlawfully in the United States. On May 31, 2011, this court imposed a 46-month sentence for his unlawful reentry violation and an eight month sentence for violating a condition of supervised release.

The base offense level was eight. Sixteen levels were added because the defendant was previously deported subsequent to sustaining a felony conviction for a qualifying drug trafficking conviction for which he received a sentence of custody in excess of 13 months, making an adjusted offense level of 24. A three level reduction of responsibility was applied resulting in a total offense level of 21. The criminal history category was III. The guideline range at the time was 46-57 months, and the court applied the low end range of 46 months.

The defendant and the government each filed a sentencing memorandum prior to sentencing. Additionally, the court heard arguments by both sets of counsel and statement by the defendants at the sentencing.

Contemporaneously with the sentencing, this court held a hearing on the revocation of conditions of supervised release. Following a deportation to Jamaica due to a prior felony conviction, defendant was found unlawfully in the United States in 2010.[1] One of the conditions of supervised release was that petitioner not reenter the United States without legal authorization. A second condition of supervised release was that he not commit another federal, state, or local crime. Petitioner reentered, was caught unlawfully in the United States after running from police when they attempted to stop his car for a traffic infraction (and the car was found to be carrying illegal drugs), indicted, and then sentenced in this case.

At the revocation hearing, petitioner admitted both violations. The parties had not agreed to a resolution. The applicable guideline range at the time for the violations was eight to fourteen months in custody. Both counsel for the government and counsel for the defendant made arguments about the time they believed defendant should receive for the violation of supervised release and how that sentence should be imposed relevant to the section 1326 conviction (concurrent versus consecutive). The court sentenced defendant to eight months, with four months to run concurrent and four months to run consecutive.

Petitioner filed an appeal. On January 19, 2012, the Ninth Circuit affirmed his conviction and sentence in an unpublished memorandum decision. Petitioner then timely filed this petition for post-conviction relief under 28 U.S.C. § 2255.

The petition lists two issues requesting post-conviction relief. However, petitioner actually seeks relief on the following four grounds: (1) this court committed procedural error at sentencing by failing to adequately consider and explain the basis for its sentence under 18

---

[1] This is a separate offense from his felony drug trafficking offense that qualified for the sixteen level enhancement.

U.S.C. § 3553(a); (2) ineffective assistance of counsel at sentencing because his attorney failed to properly investigate petitioner's family members and provide letters and affidavits from those family members that would support a downward variance; (3) this court erred by assigning a sixteen level increase under U.S.S.G. § 2L1.2(b)(a)(A); and (4) ineffective assistance of counsel at sentencing because his attorney did not make the arguments raised in this section 2255 petition at sentencing.

The court will address each in turn.

## II. Discussion

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

*A.     18 U.S.C. § 3553(a)*

Petitioner claims that this court failed to consider the section 3553(a) factors at sentencing. The government argues that petitioner has procedurally defaulted this claim because he did not raise it on direct appeal. In reply, petitioner argues that his attorney was the cause of not raising this issue on appeal–a de facto ineffective assistance of counsel claim.

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual

prejudice resulting from the claim of error." *Johnson*, 988 F.2d at 945.[2] "Mere conclusory statements in a § 2255 motion are not enough to require a hearing." *Id.*

The court finds that petitioner has procedurally defaulted his claim. Petitioner's trial counsel filed a sentencing memorandum that sought a hybrid departure and variance based in part on defendant's family and life circumstances, which would have been a variance pursuant to § 3553(a). Petitioner cannot show cause or prejudice.

B.  *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[2] There is also an exception for procedurally defaulted claims if the defendant is actually innocent. *United States v. Ratigan*, 351 F.3d 957, 964 (9th Cir. 2003) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"). Petitioner admitted guilt at sentencing and cannot, and does not, assert actual innocence in this petition.

4

been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner contends that his counsel was constitutionally ineffective in two ways. First petitioner contends that counsel was ineffective at sentencing. Second, petitioner contends that counsel was ineffective by failing to argue the points petitioner makes in his § 2255 petition. This claims largely overlap and are really a single claim for ineffective assistance of counsel.

The court finds that petitioner has not met his heavy burden of showing ineffective assistance of counsel at sentencing. The record conclusively refutes this allegation. Defense counsel filed a sentencing memorandum with the court prior to sentencing seeking a departure under the guidelines and seeking a variance under the section 3553(a) factors due to a proposed amendment to the guidelines and the petitioner's family and life situation. Counsel then made these arguments to the court at sentencing. Counsel's performance cannot be considered deficient.

The court need not therefore discuss the prejudice standard, though the court finds that petitioner suffered no prejudice from counsel's representation. Nor has petitioner shown how he was prejudiced.

Next, the court finds untrue petitioner's allegation that counsel failed to raise arguments made in the § 2255 petition during representation. Again, the record conclusively refutes this allegation. Counsel made these arguments in the sentencing memorandum, during the sentencing hearing, and again on appeal. They were rejected by this court and then summarily rejected by the Ninth Circuit. These arguments were unsuccessful, not because counsel failed to raise them, but because they have no merit.

C.   *Improper Sentence Enhancements*

Finally, petitioner argues that this court improperly enhanced his sentence for the reasons laid out at in the final paragraph of section II.B *supra*. Again, these arguments were rejected by this court at sentencing and then summarily rejected by the Ninth Circuit on appeal. Petitioner is

using the § 2255 petition to act as a vehicle to appeal to this court the decision by the appellate court. This is not the purpose of a § 2255 petition. This claim lacks merit.

**III.    Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, the court may only issue a certificate of appealability when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that movant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

The court declines to issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that petitioner's motion to vacate under 28 U.S.C. § 2255 (doc. # 48) be, and the same hereby, is DENIED.

DATED this 22th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE